1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

SERGIO NEGRETE,

                    Plaintiff,

          v.

D. BRAVO, et al,

                    Defendants.

_____/

CASE NO.   1:10-cv-519-MJS (PC)

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND

(ECF No. 1)

AMENDED COMPLAINT DUE WITHIN THIRTY DAYS

Plaintiff Sergio Negrete ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff consented to Magistrate Judge jurisdiction on April 5, 2010, and no other parties have appeared. (ECF No. 5.)

Plaintiff's Complaint is currently before the Court for screening.  For the reasons stated below, the Court finds that Plaintiff fails to state a claim and that leave to amend would be futile.

I.     **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is currently incarcerated at Pleasant Valley State Prison ("PVSP"), where all of the events at issue in the Complaint occurred.  Plaintiff brings this action against the following defendants: 1) D. Bravo, 2) S. Cordero, 3) A.A. Zataray, and 4) Lopez.

Plaintiff alleges as follow:

Plaintiff is currently incarcerated at PVSP.  (Compl. at 1.)  At PVSP, Plaintiff has been given an "R" Suffix, because Plaintiff was previously accused, but not convicted, of

-2-

1  rape.  (Id.)  A "R" Suffix means "restriction" and the California Department of Corrections

2  ("CDCR") applies this suffix when a prisoner has been accused or found guilty of a sex

3  related offense.  (Id.)  Due to the "R" Suffix, Plaintiff was restricted from various activities,

4  including visitation rights with minors and so could not see his daughter.  (Id. at 3-4.)

5
6  Plaintiff also had to seek protective custody housing because he became known as a rapist

7  in the general inmate population and his life thus was placed in danger.  (Id.)

8      Defendant Bravo was a Corrections Officer/Captain, Defendant S. Cordero was a

9  Corrections Officer/Counselor, and Defendant Lopez was a board member of the Board

10  of Parole Hearings at the time of the alleged violations of Plaintiff's rights.  (Compl. at 5.)

11   Defendant A.A. Zataray was a Corrections Counselor at the time.  (Id. at 6.)

12
13      Plaintiff was arrested on January 17, 1999, for attempting to inflict corporal

14  punishment on his spouse and for assault with a deadly weapon.  (Compl. at 7.)  On

15  November 12, 1999, Plaintiff's motion to dismiss the charges was granted because there

16  was not enough evidence to support the allegations.  (Id.)  Plaintiff was accused of raping

17  his spouse/girlfriend, but she later said she fabricated the allegations to have Plaintiff

18  placed in jail because he was cheating on her.[1]  (Id. at 7-8.)  On February 5, 1999, the

19
20  Board of Parole Hearings, chaired by Defendant Lopez, held a revocation hearing to

21  determine whether Plaintiff's parole should be revoked for attempting to inflict corporal

22  punishment on his spouse and for assault with a deadly weapon.  (Id. at 8.)  Relying on

23  Plaintiff's spouse/girlfriend's report, Defendant Lopez determined that Plaintiff had raped

24  his spouse/girlfriend and was guilty of a sex offense.  (Id. at 9.)  Based on Defendant

25
26      [1] In his amended Complaint, Plaintiff should confirm  whether or not he was **charged** with raping
27  his spouse/girlfriend.

1 Lopez's findings, Plaintiff's parole was revoked.  (Id.)

2       Plaintiff was returned to CDCR's custody on November 18, 1999 for car-jacking with
3 a firearm.  (Compl. at 10.)  Plaintiff was given a 28 year sentence.  (Id.)  On January 3,
4 2001, because of his spouse/girlfriend's false accusations. Plaintiff was given the "R" Suffix
5 classification by the Unit Classification Committee chaired by Defendants.    (Id.)
6 Defendants should have investigated the validity and veracity of the accusations before
7 giving Plaintiff the "R" Suffix designation.  (Id. at 11.)  Defendants are allowed to attach a
8 "R" Suffix without a conviction, but the information must be reliable and sufficient to
9 conclude that the act causing the "R" Suffix designation occurred.  (Id.)  As a result of the
10 designation, Plaintiff was subject to restricted family visits, from having certain jobs in the
11 prison system, and from having visitation rights with minors, including his daughter.  (Id.
12 at 12.)  Plaintiff became labeled and targeted as a rapist in the general inmate population,
13 
14 (Id.)  He was forced to seek protective custody.  (Id.)
15 

16       Plaintiff appealed his "R" Suffix classification in 2005, 2007, and 2008. (Compl. at
17 4.)  Plaintiff also appealed the associated restrictions on visitation rights.  (Id.)  Plaintiff
18 appealed the classification because it was baseless and erroneous.  (Id.)  The 2007 and
19 2008 appeals challenged the validity of the restriction on Plaintiff's visitation rights with
20 
21 minors.  (Id. at 13.)  Plaintiff's 2008 appeal was granted, and although the "R" Suffix was
22 not removed, Plaintiff was given contact visitation rights with minors, including his daughter.
23 (Id. at 4.)  The committee that restored Plaintiff's visitation rights with his daughter found
24 that there was no factual basis for the 1999 restriction on his visitation rights.  (Id. at 14.)
25 The "R" Suffix was baseless, and he has suffered due to Defendants' "acts or omissions
26 and deliberate indifference."  (Id. at 5.)
27

-4-

On May 15, 2009, Plaintiff's spouse/girlfriend submitted a sworn declaration in which she admitted that her rape accusations against Plaintiff were false. (Compl. at 15.) She confessed that she attempted to rectify the situation by telling the truth to the district attorney. (Id.) If Defendants had properly investigated the matter as they were required to, they would not have imposed the "R" Suffix on Plaintiff. (Id.) Defendants did not have any regard for Plaintiff's right to personal safety, right to be free from cruel and unusual punishment, or his right to have a relationship with his daughter, and instead chose to label him as a rapist in an environment where rapists are abused. (Id. at 16.)

As a result of Defendants' acts or omissions, Plaintiff suffered because he was restricted from having a relationship with his daughter for eight years. (Compl. at 16.) Plaintiff was beaten by inmates, spit on by inmates, had personal property taken by inmates, and was called names by prison guards. (Id. at 17.)

Defendants knew or should have known about the consequences Plaintiff would face from an improper "R" Suffix designation. (Compl. at 17.) The failures Plaintiff alleges amount to reckless disregard and deliberate indifference.

Plaintiff asks for judgment in the amount of $5 million dollars for compensatory and punitive damages, special damages, declaratory relief, and injunctive relief ordering that the "R" Suffix be removed from Plaintiff's central file.

**III.   ANALYSIS**

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal

1   rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865

2   (1989).

3       To state a claim under Section 1983, a plaintiff must allege two essential elements:

4   (1) that a right secured by the Constitution or laws of the United States was violated, and

5   (2) that the alleged violation was committed by a person acting under the color of state law.

6

7   See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

8   1245 (9th Cir. 1987).

9       **A.  Statute of Limitations**

10      Apparently, the "R" designation was given to Plaintiff in 2000, and this lawsuit was

11  not filed until March 24, 2010.  Thus, it appears this claim is  barred by the statute of

12  limitations applicable to such claims.

13

14      Federal law determines when a claim accrues, and "under federal law, a claim

15  accrues "when the plaintiff knows or has reason to know of the injury which is the basis of

16  the action."  Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir.

17  2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)); Fink v. Shedler,

18  192 F.3d 911, 914 (9th Cir. 1999).   In the absence of a specific statute of limitations,

19

20  federal courts should apply the forum state's statute of limitations for personal injury

21  actions.  Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink,

22  192 F.3d at 914.  California's statute of limitations for personal injury actions requires that

23  the claim be filed within 2 years.  Cal.Code Civ. Proc. § 335.1; Jones, 393 F.3d at 927.

24  Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on

25  tollingexists with regard to  prisoners.  Section 352.1 provides, in pertinent part, as follows:

26
    (a)  If  a  person  entitled  to  bring  an  action,  mentioned  in  Chapter  3
27

                                            -6-

(commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Thus, incarcerated plaintiffs have four years from the date that the cause of action accrued in which to file suit, if the cause of action accrued while said plaintiff was incarcerated.

Plaintiff was given the "R" Suffix designation in 2000, and exhausted his administrative appeals soon thereafter.  He also filed several other appeals challenging the designation at later dates.  Given Plaintiff's allegations, it appears that he should have filed this action in or around 2004 and that it therefore is untimely and should be dismissed on that ground.

Notwithstanding the apparent procedural (statute of limitations) bar to Plaintiff's claims, the Court will also analyze the substantive allegations and deficiencies in Plaintiff's Complaint.

### B.    Eighth Amendment

Plaintiff has not alleged what right secured by the Constitution or laws of the United States he feels was violated.  His repeated references to "deliberate indifference" suggest a claim that he was subjected to cruel and unusual punishment under the Eighth Amendment.

The Eighth Amendment prohibits cruel and unusual punishment, but "... does not mandate comfortable prisons."  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quotation and citation omitted).  A prisoner's claim of inadequate conditions of confinement does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,' " and (2) "the prison

official 'acted with deliberate indifference in doing so.' Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious ...." Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298  (1991)).  Second, the prison official must "know [ ] of and disregard[ ] an excessive risk to inmate health or safety ...." Id. at 837.

"Deliberate indifference is a high legal standard."  Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's pleading does not satisfy either prong of a cruel and unusual punishment claim.  He alleges the "R" designation was unjustified and that prison officials have at least acknowledged that it should not be used to deprive him of visitation with his minor daughter.  He alleges he was unjustifiably deprived of those visitation rights for some period of time and also has been exposed to abuse from other prisoners because of the wrongful designation.  Neither deprivation was of "life's necessities."  Although being denied visits from close family members may sound cruel, prisoners do not have a due process or Eighth Amendment constitutional right to visitation rights.  See generally Ky. Dep't of Corr. v. Thompson, 490 U.S. 454 (1989) (considering the denial of visitation rights

under the Due Process Clause of the Fourteenth Amendment); <u>Keenan v. Hall</u>, 83 F.3d

1083 (9th Cir. 1996) (considering the denial of visitation rights under the Eight

Amendment). "[T]here is no constitutional right of 'access to a particular visitor.'" <u>Keenan</u>,

83 F.3d at 1092 (quoting <u>Ky. Dep't of Corr.</u>, 490 U.S. at 460–61).

Plaintiff's Complaint also lacks allegations that would support a claim that

Defendants made the designation in deliberate indifference to a substantial risk it would

cause serious harm to Plaintiff.  To the contrary, he alleges that the determination to add

the "R" designation was made on the basis of a sworn affidavit from a third party and that

the matter has been re-examined in response to his challenges to it.  Plaintiff has not

suffered a constitutional violation.  Despite sympathy for classified as a sex offender

without having been convicted of a sex offense, federal courts are not authorized to

second-guess the policies of prison officials in  this regard.

The facts giving rise to Plaintiff's claim will not support a suit for violation of his

constitutional rights.  However, the Court will give Plaintiff leave to amend this claim.  In his

amended complaint, Plaintiff should set forth any basis he may have for asserting that the

classification was done maliciously for the purpose of exposing Plaintiff to cruel and

unusual punishment or with knowing disregard for the likelihood it would cause such

punishment and that Plaintiff did in fact suffer such cruel and unusual punishment as a

result of the "R" Suffix designation.

## C.   <u>Due Process Clause</u>

Although Plaintiff does not allege a due process claim under the Fourteenth

Amendment in his Complaint, he may attempt to do so in his amended complaint.  The

standard for such a claim is set forth before below, but Plaintiff must  note that it includes

a requirement that he identify a liberty interest that was impacted by his "R" Suffix designation and explain how the classification resulted in an atypical and significant hardship upon Plaintiff.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

The Due Process Clause itself does not confer on inmates a liberty interest in a particular classification status.  See Moody v. Daggett, 429 U.S. 78, 88, n. 9 (1976).  The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

California Code of Regulations title 15, section 3377.1 provides that inmates are classified into nine custody designations to alert staff as to where an inmate may be housed and assigned, and the level of supervision required of the inmate.  An inmate may also be affixed an "R" or "S" suffix to indicate a history of sex offenses or need for single cell housing, respectively.   Generally, these regulations do not contain substantive predicates or mandatory language requiring any specific outcome when a custody classification or reclassification is conducted.  See Kentucky Dep't of Corrections v.

-10-

Thompson, 490 U.S. 454, 461–62 (1989) (finding no protected liberty interest in Kentucky regulations). The regulations state no set of circumstances or behavior, for example, which must be found before an inmate is eligible for maximum custody. Cf. Neal v. Shimoda, 131 F.3d 818, 830 (9th Cir.1 997) (finding a protected liberty interest under Thompson when regulation provides that once an inmate is labeled as a sex offender (the substantive predicate) it is statutorily mandated that the inmate successfully complete a specified treatment program in order to become eligible for parole and there is no room for prison officials' discretion)).

## IV.    **CONCLUSION**

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded

-11-

pleading," Local Rule 220.   Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a complaint form;

2.    Plaintiff's complaint, filed March 24, 2010, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    January 27, 2012          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE